[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13621

_____

D. C. Docket No. 1:11-cr-00189-CAP-GGB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARRELL JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____
(September 10, 2012)

Before ANDERSON and HIGGINBOTHAM,* Circuit Judges.**

_____

*Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit,
sitting by designation.

** This case is being decided by a quorum of the judges who sat for oral argument. Judge
Charles R. Wilson recused himself from consideration of this appeal subsequent to oral
argument. Because the remaining members of the panel are in agreement, we decide this case in
accordance with Eleventh Circuit Rule 34-2. *See also Tillman v. R.J. Reynolds Tobacco*, 340
F.3d 1277, 1278 n.1 (11th Cir. 2003) (per curiam).

HIGGINBOTHAM, Circuit Judge:

The defendant was a passenger in a getaway car whose driver led a dangerous police chase from the robbery of an Atlanta pharmacy. The defendant challenges the district court's application of a two-level sentencing enhancement for "recklessly creat[ing] a substantial risk of death or serious bodily injury . . . in the course of fleeing from a law enforcement officer."[1] Finding that two of the facts relied on by the Government are insufficient to prove the defendant actively encouraged or otherwise brought about the driver's dangerous conduct and that the district court did not make the requisite finding for the sentencing enhancement with respect to the third fact, we vacate and remand for additional resentencing proceedings consistent with this opinion.

## I.

The defendant, Carrell Johnson, pled guilty to interfering with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). According to the pre-sentence investigation report (PSI), Johnson and Jeremie

---

[1] U.S.S.G.§ 3C1.2.

2

Pugh robbed a CVS pharmacy in Atlanta.  They were armed, wore latex gloves, and covered their faces with bandanas.  They stole several cases of cigarettes from behind the counter and forced an employee to open a safe in the manager's office, stealing an undisclosed amount of money.

While Johnson and Pugh were still in the CVS, Atlanta police arrived and blocked the exits from the pharmacy's parking lot with their squad cars.  Pugh and Johnson emerged from the store and hopped in a stolen 1995 Honda Accord.  Pugh was in the driver's seat.  They escaped from the parking lot by ramming one of the police cars.  They then fled the officers' pursuit, ignoring all traffic controls and speeding.  Other cars on the road made evasive maneuvers to avoid being hit.  Because of safety concerns, the officers backed off the pursuit.  Pugh and Johnson eventually crashed into a power pole.  Pugh was trapped in the car, but Johnson exited through the passenger window and ran away on foot.  He was later apprehended by a canine unit.

In calculating Johnson's Guidelines imprisonment range, the probation officer assessed a two-level enhancement for reckless endangerment during flight under U.S.S.G. § 3C1.2 (2010).  The probation officer noted that Johnson and Pugh used a car to strike a police unit in order to exit the CVS parking lot and then drove in a manner that created a substantial risk of death or serious injury to

3

others. Johnson objected to the reckless-endangerment enhancement on the ground that he was merely a passenger in the car and that Pugh caused any endangerment. The probation officer responded that it was "reasonably foreseeable" that both defendants might have to flee law enforcement after an armed robbery and that therefore the enhancement was appropriate.

Johnson reiterated his objection at sentencing, arguing that the probation officer used the wrong standard. The Government conceded that "reasonable foreseeability is not the test," but argued that the circumstantial evidence was nevertheless sufficient to justify the enhancement. It pointed to Johnson's participation in the robbery, his decision to get in the vehicle when police were already on the scene, and the fact that he fled on foot after the vehicle crashed into the power pole. These facts, the government contended, support an inference that Johnson was an active participant in the reckless endangerment.

The district court adopted the facts of the PSI and overruled Johnson's objection to the two-level enhancement for reckless endangerment. After the district court imposed the sentence, Johnson objected on the grounds of procedural and substantive unreasonableness, and he reiterated his argument as to reckless endangerment under U.S.S.G. § 3C1.2. The district court persisted in imposing its original sentence.

4

Johnson timely appeals.

## II.

While we review the district court's factual findings for clear error, we review de novo its application of the law to those facts, including its interpretation and application of the U.S. Sentencing Guidelines.[2]  However, when a defendant fails to raise an argument before the district court, we review only for plain error.[3] "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings."[4]  In order for an error to be obvious for purposes of plain error review, "it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule."[5]

## III.

Johnson argues that his sentence is procedurally unreasonable because the district court failed to make factual findings sufficient to support its application of

---

[2] *See United States v. Cook*, 181 F.3d 1232, 1233 (11th Cir. 1999).

[3] *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009).

[4] *Id.* at 1244-45.

[5] *United States v. Lett*, 483 F.3d 782, 790 (11th Cir. 2007).

the two-level enhancement for reckless endangerment under U.S.S.G. § 3C1.2.[6]

He also argues that the district court failed to make a specific finding concerning

application of the reckless endangerment enhancement, as required under *United*

*States v. Cook*.[7]  With respect to the latter argument, because Johnson failed to

raise this argument in the district court, we review only for plain error.[8]  To be

clear, Johnson does not contend that conduct rising to the level of reckless

endangerment did not occur, only that he was not responsible for it.[9]

Section 3C1.2 of the U.S. Sentencing Guidelines provides: "If the defendant

recklessly created a substantial risk of death or serious bodily injury to another

person in the course of fleeing from a law enforcement officer, increase by 2

levels."  Application Note 5 to § 3C1.2 states: "Under this section, the defendant is

accountable for his own conduct and for conduct that he aided or abetted,

---

[6] Johnson makes an additional argument, which concerns the substantive reasonableness of his sentence.  Because we will vacate the sentence on other grounds, we do not reach this issue.

[7] 181 F.3d at 1236.

[8] *Spoerke*, 568 F.3d at 1244.

[9] *See United States v. Conley*, 131 F.3d 1387, 1391 (10th Cir. 1997) ("The behavior of the car is not, in and of itself, a sufficient basis for a finding that [the passengers] procured the driver's reckless behavior.").

counseled, commanded, induced, procured, or willfully caused."[10]

In applying those provisions here we turn first to *United States v. Cook*, in which this Court addressed for the first time "a situation in which the reckless-endangerment guideline was applied to someone other than the individual who had actually engaged in the endangering conduct."[11]  In that case, two defendants robbed a bank while a third waited in a getaway car.  Under police pursuit after the robbery, the two defendants jumped from the getaway car while the third continued to flee police and drove at a high speed, eventually colliding with another police car.  The district court imposed the reckless-endangerment enhancement on the two defendants who jumped from the car before the dangerous conduct occurred, but this Court vacated the sentences.  It noted that every other circuit to have addressed such a situation "has required more than evidence of an endangering conduct that was reasonably foreseeable."[12]  This Circuit instructed the trial judge to assess whether the government had shown, by a

---

[10]  Under *Stinson v. United States*, 508 U.S. 36, 38 (1993), we treat a Guideline application note as authoritative "unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline," circumstances not raised here.

[11] *Cook*, 181 F.3d at 1234.

[12] *Id.* at 1235-36 (citing *Conley*, 131 F.3d at 1390-91; *United States v. Hall*, 71 F.3d 569, 571-72 (6th Cir. 1995); *United States v. Lipsey*, 62 F.3d 1134, 1136-37 (9th Cir. 1995)); *see also United States v. Chong*, 285 F.3d 343, 346 (4th Cir. 2002).

preponderance of the evidence, "that either or both of [the defendants] directly engaged in, or actively 'aided or abetted, counseled, commanded, induced, procured, or willfully caused' another to engage in, conduct that satisfies the recklessness standard in § 3C1.2."[13]  Such is *Cook*'s essential teaching: before the enhancement can be applied to Johnson, there must be a preponderance of evidence that he "directly engaged in, or actively 'aided or abetted, counseled, commanded, induced, procured, or willfully caused'" Pugh to carry out the dangerous getaway.  Reasonable foreseeability is not enough.  In addition, *Cook* requires a district court, when applying § 3C1.2, to "make a specific finding, based on the record before it, that the defendant actively caused or procured the reckless behavior at issue."[14]  This said, it signifies in reading *Cook* that the sentencings at issue were of passengers who exited the escape vehicle before it began its reckless departure, placing *Cook*'s rejection of the enhancement on footing that may well differ from Johnson's assertion.  And, as we will explain, this appeal turns on facts, those found and those that were not.

The Government points to three pieces of circumstantial evidence that it

---

[13] *Id.* at 1236 (quoting U.S.S.G § 3C1.2 cmt 5).

[14] *Id.* (quoting *Conley*, 131 F.3d at 1390).

says are sufficient to apply the enhancement.[15]  First, it adverts to the extent of premeditation behind the robbery itself, from which the Government would have us infer that Johnson must have been involved in planning how they would escape were the police to arrive during the robbery.  The Third Circuit recently confronted a similar argument.[16]  That court decided that evidence of planning a crime "does not relate at all" to a defendant's "responsibility for [the driver's] recklessness during a getaway."[17]  "[W]ithout more," that court said, the defendant's "role in planning the robbery . . . does not render him accountable for the reckless endangerment."[18]  The Ninth Circuit agrees,[19] and so do we.  We do

---

[15] Evidence of pre- and post-flight conduct informs whether a reckless-endangerment enhancement can apply.  *See Conley*, 131 F.3d at 1390 (quoting *United States v. Young*, 33 F.3d 31, 33 (9th Cir. 1994)).  Also, as a general matter, a "district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing."  *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).

[16] *United States v. Cespedes*, 663 F.3d 685 (3d Cir. 2011).

[17] *Id.* at 691.

[18] *Id.*; *cf. Conley*, 131 F.3d at 1391 (finding that defendant-passengers' involvement in planning an armed bank robbery with a waiting getaway car supported application of the enhancement when supplemented by additional evidence, such as (1) that a "quick getaway on a wet, icy morning" was "an integral part of their plan," and (2) a concession that they were "trying to outrun authorities" during the ensuing high speed chase).

[19] *United States v. Franklin*, 321 F.3d 1231, 1236-37 (9th Cir. 2003) ("Knowingly participating in an armed robbery in which getaway vehicles are part of the plan is insufficient as a matter of law, without more, to allow a district court to impose this enhancement on individuals not directly committing the acts amounting to reckless endangerment.").

9

not question that Pugh and Johnson's robbery appears to have been somewhat well planned—look no further than their coordinated latex gloves and bandanas. But we have no information on Johnson's contribution to that planning, and even if we did, it would not necessarily reveal whether the getaway maneuver was premeditated (and if it was, by whom). It is likely that Johnson and Pugh did not anticipate police showing up while they were still inside the store, but the record does not permit us to make such inferences either way.

The Government's second piece of evidence is disputed by the parties. The facts in the PSI, adopted by the district court, leave uncertain whether Johnson was aware that police were on the scene when he decided to get in the getaway car. The Government urges us to infer from the facts in the PSI that Johnson knew police were on the scene when he got in the getaway car, and so he must have been aware that Pugh would need to ram a police car to escape. Although a district court could find that such knowledge and awareness rises to the level of "actively caus[ing] or procur[ing] the reckless behavior at issue," the district court made no such finding in this case. Under *Cook*, in applying § 3C1.2, "the district court 'must make a specific finding, based on the record before it, that the defendant actively caused or procured the reckless behavior at issue.'"[20] We find

---

[20] *Cook*, 181 F.3d at 1236 (quoting *Conley*, 131 F.3d at 1390).

10

it was plain error under controlling precedent for the district court not to make a specific finding that "the defendant actively caused or procured the reckless behavior at issue."[21]

The Government's final piece of evidence is that Johnson fled on foot after Pugh crashed the getaway car.[22]  To the Government, Johnson's flight on foot demonstrates "that he sought to escape law enforcement during the high-speed, reckless chase."[23]  Even if that is so, it fails to meet *Cook*'s standard.  Johnson's flight on foot might reveal that he intended to escape police all along, but it does not tell us whether he played  any active supporting role in the recklessness of the car-flight.

The Third Circuit would seem to agree.[24]  The Government, however, points to several other out-of-Circuit, mostly unpublished cases that it claims support

---

[21] We construe *Cook*'s requirement–the district court must make a specific finding, based on the record before it, that the defendant actually caused or procured the reckless behavior at issue–to mean that the district court must make a specific finding with respect to the standard set forth in Application Note 5–i.e., "the defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused."

[22] Johnson fled, unarmed, prior to the police's arrival on the scene.  He turned himself in without struggle when the police arrived.

[23] The Government does not argue that the flight on foot itself was reckless or dangerous.

[24] *Cespedes*, 663 F.3d at 691 (concluding that a "foot pursuit" "do[es] not demonstrate anything about [the passenger's] conduct that would show that he [directly encouraged the driver's] reckless endangerment of others during flight from the police").

11

Johnson's enhancement based on his flight on foot. As it turns out, those cases are distinguishable. In one, the passenger abandoned a still-running getaway car in a residential area.[25] In another, the passenger held a loaded and cocked firearm as he ran away from police who were firing at him.[26] In another, the passenger was the leader of the group of defendants and was "in control of the drug purchase" from which they fled.[27] Still another focuses on willful participation in an escape generally rather than active encouragement of recklessness during the escape, which is inconsistent with this Circuit's precedential holding in *Cook*.[28] In sum,

---

[25] *United States v. Luna*, 21 F.3d 874, 885 (9th Cir. 1994).

[26] *United States v. Allison*, 210 F.3d 355, 2000 WL 357673, at *1 (2d Cir. 2000) (unpublished table decision) ("Because we conclude that, in their entirety, the circumstances of the defendant's flight unquestionably involved reckless endangerment by the defendant himself, we express no view as to whether the sole fact that the defendant was a passenger in the recklessly driven get-away car would be sufficient to impose a sentence enhancement pursuant to U.S.S.G. § 3C1.2."); *cf. supra* notes 15-16.

[27] *United States v. Ortiz*, 72 F.3d 132, 1995 WL 746196, at *1, 3 (7th Cir. 1995) (unpublished table decision). Beyond that distinction, it is not clear that the *Ortiz* court's reasoning would hold up under *Cook*'s standard, as it appears to rely on reasonable foreseeability. *Id.* at *2 ("[I]t defies common sense to assert that [the passenger] did not know that the next step would be a high speed exit from the parking lot into heavy traffic with the police in hot pursuit."); *id.* at *3 ("[I]t was not clearly erroneous for the district court to conclude that [the passenger] was aware of the risk created by his escape . . . .").

[28] *United States v. Thompson*, 162 F.3d 1162, 1998 WL 553050, at *2 (6th Cir. 1998) (per curiam) (unpublished table decision) ("These findings support the conclusion that Defendant was a willing and active participant who aided and abetted the escape, which necessarily includes 'reasonable foreseeability.'"). A recent Sixth Circuit opinion draws a similar conclusion, purporting to apply the *Cook* standard. *United States v. Byrd*, 2012 WL 3139931, at *4 (6th Cir. Aug. 3, 2012) ("All of these facts [including a flight on foot] show [the passenger]'s desire to evade capture, from which one could infer that [he] encouraged or supported [the driver]'s reckless driving . . . .").

12

we do not find Johnson's flight on foot after the getaway car crashed to shed much, if any, light on the present inquiry.

Had Johnson not been a part of the robbery or getaway, Pugh's recklessness might have been no different. On the present record, we cannot conclude that the district court made the specific finding required by *Cook*. Although the evidence may be sufficient to support an inference that Johnson knew when he entered the getaway car that the police were on the scene blocking the exits and that Johnson knew that Pugh would have to ram a police car to escape (or engage in other endangering conduct to escape), and although that knowledge may be sufficient to support a finding by the district court, pursuant to Application Note 5, that Johnson "aided or abetted," "counseled," "induced," or "procured" Pugh's endangering escape, the district court made no specific finding to that effect. This failure is inconsistent with *Cook*, and therefore Johnson's sentence must be vacated.

In sum, the district court on remand should reopen the record, and with any additional relevant evidence, turn its eye to the robbery scene when Johnson exited the CVS store, considering where the police and their cars were situated and what was more likely than not visible to Johnson as he exited the store and entered the getaway car. The enhancement to Johnson's sentence rests on resolution of this

13

uncertainty and on whether the district court can make the specific finding required by *Cook*, pursuant to Application Note 5, that Johnson "aided and abetted, counseled, commanded, induced, procured, or willfully caused" Pugh's endangering conduct.

## IV.

We VACATE and REMAND for resentencing proceedings consistent with this opinion.