[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14476
Non-Argument Calendar

_____

D.C. Docket No. 4:11-cr-00200-WTM-GRS-10


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE QUIJANO,
a.k.a. Ronnie,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 5, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Ronnie Quijano appeals his 41-month sentence, imposed at the low end of

the applicable guideline range, after he pleaded guilty to a lesser-included offense

of one count for conspiracy to manufacture, possess with intent to distribute, and distribute 50 or more marijuana plants, in violation of 21 U.S.C. § 846.  On appeal, Quijano argues that the district court should not have denied him credit for acceptance of responsibility under U.S.S.G. § 3E1.1(a) because he admitted to all elements of the offense to which he was pleading and later offered assistance to the government for a codefendant's trial.  For those same reasons, Quijano also argues that the district court wrongly enhanced his sentence for obstruction of justice under U.S.S.G. § 3C1.1.  He concludes that the district court's enhancement of his sentence for obstruction of justice and failure to consider his acceptance of responsibility render his sentence unreasonable.  After thorough review, we affirm.

A district court's determination of whether a defendant is entitled to a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) is a finding of fact that is entitled to great deference on appeal and will not be disturbed unless clearly erroneous.  *United States v. Frank*, 247 F.3d 1257, 1259 (11th Cir. 2001).  Quijano did not raise the obstruction of justice question below, so we review that finding for plain error.  *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012).  Plain error occurs when there is an error that is plain or obvious, affecting the defendant's substantive rights and that seriously affects the fairness, integrity or public reputation of the judicial proceedings.  *Id.*  We review sentences for

2

reasonableness under an abuse of discretion standard. *United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc).

A sentencing court may decrease the offense level by two if the defendant clearly demonstrates acceptance of responsibility. U.S.S.G. § 3E1.1(a). Entering a guilty plea and truthfully admitting the conduct comprising the offense of conviction, while also truthfully admitting or not falsely denying any additional relevant conduct, is significant evidence of acceptance of responsibility. *Id.* cmt. n.3. However, this evidence may be outweighed by conduct inconsistent with such acceptance. *Id.* Conduct resulting in an enhancement for obstruction of justice ordinarily indicates that the defendant has not accepted responsibility. *Id.* cmt. n.4.

The Sentencing Guidelines permit a court to increase the offense level by two if the defendant obstructed justice with respect to the investigation, prosecution, or sentencing of the offense, and the obstructive conduct related to the offense or a closely related offense. *Id.* § 3C1.1. Examples of such conduct include committing perjury or providing materially false information to a judge or probation officer conducting a presentence investigation. *Id.* cmt. n.4.

A sentence can be procedurally unreasonable if the district court improperly calculates the guideline range. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). If the district court's sentencing decision is procedurally sound, we then consider the sentence's substantive reasonableness. *Id.* Although we do

3

not presume that sentences within the guideline range, like the one here, are reasonable, we do ordinarily expect them to be. *United States v. Joseph*, No. 09-11984, slip op. 1044, 1068 (11th Cir. Feb. 21, 2013). When sentencing, courts must consider, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)-(2), (6).

Quijano's sentence is procedurally and substantively reasonable. His false statements to the district court and probation office plainly constitute obstruction of justice and clearly demonstrate that he did not accept responsibility, even though he pleaded guilty and offered assistance to the government. These false statements related to drug use and his offense conduct, and therefore he was properly denied the potential benefit of an acceptance of responsibility reduction. His false statements also significantly reduced the value of his offered testimony to the government because they subjected him to impeachment, and therefore the district court's obstruction of justice enhancement was not plainly erroneous. The district court properly calculated the applicable guideline range, rendering his sentence procedurally reasonable. Moreover, given Quijano's criminal history and the

4

extensive nature of his criminal activity here, the need to promote respect for the law, and his false statements, his low-end guideline sentence cannot be said to be substantively unreasonable.  The district court did not abuse its discretion, and we affirm Quijano's sentence.

**AFFIRMED.**