[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14603
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80045-DMM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SERGIO MIRALLES,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 6, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Sergio Miralles pleaded guilty to one count of knowing possession of 15 or

more unauthorized access devices with intent to defraud, in violation of 18 U.S.C.

§§ 1029(a)(3) and (c)(1)(A)(i), and was sentenced to a term of 30 months'

imprisonment.  He now appeals his sentence as procedurally and substantively

unreasonable.  After careful review, we affirm.

I.

In September 2009, Miralles downloaded 26,418 unique stolen credit card

numbers from the internet.  As relevant to this appeal, some of the accounts

associated with the stolen numbers had been closed because of fraud as early as

2007, before Miralles downloaded them.  Prior to sentencing, the probation officer

prepared a presentence investigation report (PSI), setting Miralles's base offense

level at 6.  U.S.S.G. § 2B1.1(a)(2).  The PSI stated that Miralles was responsible

for a total loss of $13,449,377.04, which included loss amounts for the accounts

that had been closed before Miralles downloaded the numbers.  *See id.* § 2B1.1,

cmt. (n.3(F)(i)).  This amount increased Miralles's offense level by 20.  *Id.*

§ 2B1.1(b)(1)(K).  After other adjustments, Miralles's total offense level was 31,

resulting in a guidelines range of 108 to 120 months' imprisonment.  *See id.*

§ 5G1.1(c)(1).

Ultimately, after stating that it had "considered the [PSI] which contains the

advisory guidelines and the statutory factors," the district court sentenced Miralles

to 30 months' imprisonment, a 78-month downward variance from the bottom of

his guidelines range.  The court concluded that "a major factor in . . . varying from

2

the guidelines is [the] issue of who actually caused the loss and whether [the credit card numbers in Miralles's possession] had been previously used and whether they were able to be used for the purposes intended."  This is Miralles's appeal.

## II.

Miralles first contends that his sentence is procedurally unreasonable. Because Miralles did not raise in the district court either of the procedural challenges he now asserts, we review only for plain error.[1]  *See United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012) (reviewing for plain error a district court's failure to make a specific factual finding necessary to support the application of a guidelines enhancement); *cf. United States v. Daniels*, 685 F.3d 1237, 1252 (11th Cir. 2012) (characterizing an argument that the district court failed to "make sufficient factual findings to support [a guidelines] enhancement" as a challenge to the procedural reasonableness of a sentence).  To demonstrate plain error, Miralles must show that:  "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  *United States v. Pena*, 684 F.3d 1137, 1151 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 859 (2013).

---

[1] The government argues that Miralles invited any procedural error with respect to loss amount. But our review of the record indicates that although Miralles failed to properly object to the way the district court calculated his guidelines range so that plain-error review is appropriate, he did not "induce[] or invite[] the district court into making an error." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009) (internal quotation marks omitted).

3

Miralles first asserts that the district court's statement that it "considered . . . the presentence report which contains the advisory guidelines" did not sufficiently indicate the district court independently calculated his guidelines range, thereby rendering his sentence procedurally unreasonable. The sole case Miralles cites in support of this contention is *United States v. Crawford*, which provides that district courts must consult the guidelines and take them into account when sentencing. 407 F.3d 1174, 1178 (11th Cir. 2005). *Crawford* cannot be read to suggest that the district court's statement in this case indicates that it did not satisfy that obligation. Therefore, *Crawford* does not provide a basis for Miralles's challenge to the court's calculation of his guidelines range. *See United States v. Flores*, 572 F.3d 1254, 1266 n.3 (11th Cir. 2009) (holding that a defendant waives an argument by failing to provide adequate citation to support it).

Miralles next argues that the district court incorrectly calculated the loss amount. The commentary to the guidelines provides that, "[i]n a case involving any . . . unauthorized access device, loss . . . includes any unauthorized charges made with the . . . unauthorized access device and shall be not less than $500 per access device." U.S.S.G. § 2B1.1 cmt. (n.3(F)(i)). An "access device" is defined, in relevant part, as "any . . . account number . . . that can be used, alone or in conjunction with another access device, to obtain . . . any . . . thing of value." 18 U.S.C. § 1029(e)(1). And "the term 'unauthorized access device' means any

4

access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud."  *Id.* § 1029(e)(3).

Miralles contends that, for an account number to be an "unauthorized access device," the plain language of the statute requires it to be usable.  Some of the credit card numbers in Miralles's possession were associated with accounts that had been closed before Miralles downloaded the numbers.  Accordingly, Miralles argues, these numbers were not "unauthorized access devices" because the government offered no evidence that they could "be used . . . to obtain . . . any . . . thing of value.  *Id.* § 1029(e)(1).

Even assuming the district court plainly erred by not requiring proof of usability, however, Miralles is not entitled to relief because he cannot show the error affected his substantial rights.  To make this showing, Miralles bears the burden of demonstrating "that there is a reasonable probability that there would have been a different result had there been no error."  *United States v. Bennett*, 472 F.3d 825, 831-32 (11th Cir. 2006).  Yet he points to nothing in the record to indicate that the district court would have imposed a lesser sentence if it had excluded the unusable account numbers from the loss amount.  Indeed, as Miralles concedes, the district court explained that questions about whether some of the numbers "were able to be used for the purposes intended" was a "major factor" in its decision to vary downward from the guidelines range.  Thus, the record

5

indicates that the district court already factored into its choice of sentence the fact that many of the numbers may not have been usable.  And Miralles does not dispute that his guidelines range would still have exceeded his actual sentence even had unusable numbers been excluded.  Miralles therefore cannot meet his burden of showing a reasonable probability of a different result had the court insisted that the government prove all of the account numbers on Miralles's computer were usable.  *See id.*

## III.

Finally, Miralles contends that his 30-month sentence, which was less than one-third of his lowest possible guidelines-range sentence, was substantively unreasonable.  We review the substantive reasonableness of a sentence for an abuse of discretion.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (internal quotation marks omitted). The district court in this case did not abuse its discretion.  The record reflects that the district court considered the statutory factors and specifically discussed the nature and circumstances of the offense; Miralles's history and characteristics, including

6

his age and employment history; and the desire to avoid unwarranted disparities with the sentences of Miralles's codefendants. *See* 18 U.S.C. § 3553(a). Because Miralles has not otherwise shown that his sentence, which was a significant downward variance from the bottom of the guidelines range, is unreasonable in light of the § 3553(a) factors, we uphold his sentence. *Cf. United States v. Tobin*, 676 F.3d 1264, 1310 (11th Cir. 2012) ("[I]n light of the significant downward variance[] . . . , we are simply unable to say that the sentence[] [is] substantively unreasonable.").

IV.

For the foregoing reasons, Miralles's sentence is

**AFFIRMED.**