[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15678
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00168-CLS-MHH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANA MARIA ANASTACIO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 8, 2013)

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Ana Anastacio appeals her 48-month sentence for fraudulent use of an immigration document, in violation of 18 U.S.C. § 1546(a) (Count 1), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count 2). Anastacio pleaded guilty to both counts, and the district court imposed two 24-month sentences, to run consecutively, for each count. Despite being given an opportunity to do so by the district court, Anastacio did not object to her sentence.

On appeal, Anastacio argues that her total sentence was procedurally unreasonable, and that the district court committed plain error when it failed to provide specific reasons and a meaningful explanation for the sentence imposed. She also argues that the district court committed plain error by imposing an 18-month upward variance from the applicable guideline range for Count 1, which was substantively unreasonable in light of the record and the sentencing factors set forth in 18 U.S.C. § 3553(a). Upon review of the record and consideration of the parties' briefs, we affirm.

I.

We normally review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). However, where an appellant failed to object to her sentence in the district court below, we review only for plain error. *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012). "Plain error occurs where (1) there is an

2

error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *United States v. Hoffman-Vaile*, 568 F.3d 1335, 1340 (11th Cir. 2009) (internal quotation marks omitted).

The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of the record. *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1223 (11th Cir. 2010). First, we must determine whether the district court committed any significant procedural error. *United States v. Bradley*, 644 F.3d 1213, 1303–04 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 2375 (2012). "A sentence may be procedurally unreasonable if the district court improperly calculated the guideline range, treated the guidelines as mandatory rather than advisory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to explain adequately the chosen sentence." *De La Cruz Suarez*, 601 F.3d at 1223. Although the district court must consider the § 3553(a) factors, it is not required to state on the record that it has explicitly considered each of the factors or to discuss each one individually. *See United States v. McNair*, 605 F.3d 1152, 1231 (11th Cir. 2010). The district court must adequately explain the chosen sentence, and in doing so "should set forth enough to satisfy the appellate court that [it] has considered the

3

parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (per curiam) (internal quotation marks omitted); *see Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

If we find that the sentence is procedurally reasonable, we must then determine whether the sentence is substantively reasonable under the totality of the circumstances, including whether the § 3553(a) factors actually support the sentence at issue. *United States v. Barrington*, 648 F.3d 1178, 1203–04 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1066 (2012). The weight given to any particular factor under § 3553(a) is left to the sound discretion of the district court, absent a clear error of judgment, *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc), and we generally do not second-guess the weight that the district court gave to any one factor. *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010). We will only reverse a sentence as substantively unreasonable if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). The reasonableness of a sentence may also be indicated where the sentence imposed is well below the

4

statutory maximum sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

Anastacio's total 48-month sentence was procedurally reasonable.  While she contends that the district court failed to provide specific reasons for the sentence imposed, the record proves otherwise: the district court explicitly considered the nature and circumstances of the offenses, the seriousness of the offenses, the suffering and loss inflicted upon Anastacio's victim, and the need for the sentence to reflect those considerations and promote respect for the law.  Accordingly, the district court exhibited "a reasoned basis for exercising [its] own legal decisionmaking authority," *Agbai*, 497 F.3d at 1230 (internal quotation marks omitted), and therefore did not plainly err in determining Anastacio's sentence.

Anastacio's 24-month sentence as to Count 1 was also substantively reasonable in light of the record and the § 3553(a) factors.  Anastacio argues that the district court gave undue weight to the "nature and circumstances of the offense," and that several of the other § 3553(a) sentencing factors weighed in favor of a lesser sentence.  However, the weight given to any particular factor is left to the sound discretion of the district court, absent a clear error of judgment.  *See Irey*, 612 F.3d at 1190.  The record shows that Anastacio used the victim's identity to obtain employment, to acquire an Indiana non-driver identification card, and to open mobile phone and satellite dish network accounts.  As a result of

5

Anastacio's illegal actions, the victim incurred unauthorized debts that adversely affected her credit score, was unable to meet her mortgage obligations and lost her home to foreclosure, was unable to obtain unemployment benefits, and was assessed additional tax liability from 2007 to 2010 for unreported income.  Based on these facts, the district court appropriately considered Anastacio's conduct, the nature and circumstances of the offense, and the seriousness of the offense under § 3553(a).  *See* 18 U.S.C. §§ 3553(a)(1)–(2).  Moreover, while Anastacio's 24-month sentence for Count 1 exceeded the applicable guideline range of 0 to 6 months, it was well below the statutory maximum sentence of 10 years' imprisonment.  *See* 18 U.S.C. § 1546(a).  Thus, the district court did not plainly err in imposing an 18-month upward variance in Anastacio's sentence for Count 1.

**AFFIRMED.**