WILLIAM PRYOR, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that we must affirm Hector’s convictions, but I write separately because I cannot join the majority’s opinion with respect to the imposition of the sentencing enhancement for reckless endangerment during flight, U.S.S.G. § 3C1.2. Our prior decision in United States v. Johnson controls this question, 694 F.3d 1192, 1196 (11th Cir.2012), and we are bound by that decision whether we believe it a wise one or not. There is no material difference between Hector’s flight and the flight of the defendant in Johnson. Moreover, the majority’s alternative rationale — that Hector’s flight on foot was sufficient to apply the enhancement — is unsupported by any factual finding by the district court. Accordingly, I respectfully dissent from the decision to affirm Hector’s sentence.
Section 3C1.2 states that “[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase [the offense level] by 2 levels.” Id. But under section 3C1.2, a “defendant cannot be held responsible for another’s conduct ... without some form of direct or active participation. Mere foreseeability of the conduct is insufficient.” United States v. Dougherty, 754 F.3d 1353, 1360 (11th Cir.2014) (citation omitted).
When the government argued at the sentencing hearing that Hector aided and abetted Jackson’s high-speed, reckless driving to escape the police, the government admitted that there was no direct evidence that Hector “aided or abetted or otherwise promoted the driving of the car away from law enforcement.” But the district court found that Jackson and Hector must have aided and abetted one another in the course of the car chase because there was overwhelming evidence that Jackson and Hector planned and coordinated the robbery.
Based on our precedent in Johnson, the district court erred. Johnson ruled that evidence of coordination in a crime “does not relate at all” to a defendant’s role in the escape. 694 F.3d at 1196 (internal quotation marks and citation omitted). In Johnson, the defendant and a cohort “robbed a CVS pharmacy.” Id. at 1194. “They were armed, wore latex gloves, and covered their faces with bandanas.” Id. After police arrived and barricaded the exits from the parking lot, the robbers “emerged from the store and hopped in a stolen 1995 Honda Accord.” Id. They escaped from the parking lot by ramming one of the police cars, and then led police on a high speed chase, “ignoring all traffic controls.” Id. The defendant was not the driver. Id. After the car crashed, the defendant fled on foot. Id. The district court imposed an enhancement under section 3C1.2. Id. at 1195. We vacated the sentence and remanded for resentencing. We explained that, even though the “robbery appeared] to have been somewhat *646 well planned,” that evidence provided “no information on [the defendant]^ contribution to that planning, and even if [it] did, it would not necessarily reveal whether the getaway maneuver was premeditated (and if it was, by whom).” Id. Further, the defendant’s “flight on foot might reveal that he intended to escape police all along, but it does not tell us whether he played any active supporting role in the recklessness of the car-flight.” Id. Finally, we-explained that, “[a]lthough the evidence may be sufficient to support an inference that [the defendant] knew when he entered the getaway car that the police were on the scene blocking the exits” and “that [his cohort] would have to ram a police car to escape (or engage in other endangering conduct to escape),” the district court made no finding to that effect. Id. at 1198.
The majority points to only two facts to distinguish Johnson from the instant appeal. First, Hector supplied the vehicle to be used during the robbery. Majority Op. at 643. In Johnson, the getaway vehicle was stolen. 694 F.3d at 1194. Second, Hector and Jackson fled on foot in separate directions after the car crashed. Majority Op. at 643. In Johnson, the defendant fled on foot, but his cohort was trapped in the car and could not flee. 694 F.3d at 1194.
Neither distinction is material. First, that Hector supplied the vehicle tells us nothing about whether he aided a reckless escape. The use of his car tends to prove that he helped plan the robbery, but Johnson ruled that evidence of coordination during the crime “does not relate at all” to Hector’s “responsibility for [Jackson’s] recklessness during a getaway,” id. at 1196 (internal quotation marks and citation omitted). Second, the separate flights on foot add nothing to the analysis. Hector and Jackson might have fled in different directions because they had coordinated their escape, or they might have fled in different directions precisely because they had not coordinated their escape. And even if they had coordinated their flight on foot, we still would not know whether Hector planned the escape to be reckless or aided and abetted Jackson’s reckless driving.
The majority suggests that the only failure of the district court in Johnson was a failure to make a specific finding of fact, Majority Op. at 643, but the majority misreads our precedent. In Johnson, we remanded for the district court to “consider[ ] where the police and their cars were situated and what was more likely than not visible to [the defendant] as he exited the store and entered the getaway car” because “[t]he enhancement to [the defendant]^ sentence rests on resolution of this uncertainty.” 694 F.3d at 1199. This issue was dispositive because evidence of coordination during the robbery and the defendant’s flight on foot was insufficient to support an enhancement under section 3C1.2.
The majority also errs when it decides, in the alternative, that Hector’s flight on foot was sufficient to apply the enhancement. The district court did not make findings about Hector’s flight on foot or decide whether it was reckless. To the contrary, the district court stated that it did not “think the fact that Mr. Hector then fled on foot in and of itself would be sufficient to apply the reckless endangerment enhancement.” We cannot decide this issue when the district court made no findings of fact, the government failed to raise the issue in its brief, and the only relevant statement of the district court suggests that Hector’s flight on foot was insufficient to apply the enhancement. “A misinterpretation of the Guidelines by a district court effectively means that [the district court] has not properly consulted *647 the Guidelines.” United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir.2005) (internal quotation marks and citation omitted). We should vacate Hector’s sentence and remand for the district court to resentence Hector under the correct understanding of Johnson.
I respectfully dissent in part.