[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10372
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cr-00212-CEH-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAMON D. HEATLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 31, 2020)

Before JILL PRYOR, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Shamon Heatly appeals his 151-month sentence, imposed after he pleaded guilty to distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  No reversible error has been shown; we affirm.

The Presentence Investigation Report ("PSI") calculated Heatly's base offense level as 12, based on the amount of cocaine involved in his offense.  The PSI, however, categorized Heatly as a career offender based on Heatly's prior convictions for aggravated assault on a law enforcement officer, resisting an officer with violence, and delivery of cocaine.  Applying both the career-offender enhancement in U.S.S.G. § 4B1.1(b)(3), and a 3-level acceptance-of-responsibility decrease under section 3E1.1(a)-(b), Heatly's total offense level became 29.  This total offense level combined with Heatly's criminal history category of VI resulted in an advisory guidelines range of 151 to 188 months.

Heatly objected to several portions of the PSI.  At the sentencing hearing, the district court overruled Heatly's objections and adopted the PSI's guidelines calculation.  The district court sentenced Heatly to 151 months' imprisonment (to run concurrent to his unrelated state sentence) followed by 3 years' supervised release.

I.

On appeal, Heatly challenges the inclusion of paragraphs 79 and 80 in the PSI. The complained-of paragraphs -- located in the "Personal and Family Data" section -- described two instances in which the mother of Heatly's daughter petitioned for an injunction against Heatly based on allegations of domestic abuse. The state court issued a temporary injunction in 2009 and a permanent injunction in 2014.

On appeal, Heatly contends these two paragraphs constitute hearsay and lack sufficient indicia of reliability and, thus, should not have been considered at sentencing. Because Heatly raises this argument for the first time on appeal,[*] we review only for plain error. See United States v. Johnson, 694 F.3d 1192, 1195 (11th Cir. 2012). Under the plain-error standard, Heatly must demonstrate (1) an error, (2) "that is plain or obvious," (3) that affected his substantial rights, and (4) "that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." See id.

---

[*] In the district court, Heatly objected to paragraphs 79 and 80 only on relevancy grounds. Because he made no objection based on hearsay or reliability, he failed to preserve properly the issue for appeal. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

3

"A district court has 'wide latitude in the kinds of information it may consider in the sentencing decision' and may consider hearsay evidence as long as 'the defendant has an opportunity to refute it and the evidence bears a minimal indicia of reliability.'" United States v. Hall, 965 F.3d 1281, 1294 (11th Cir. 2020) (alterations and emphasis omitted). "To prevail on a challenge to a sentence based on the consideration of hearsay, a defendant must show (1) that the challenged evidence is materially false or unreliable and (2) that it actually served as the basis for the sentence." Id. (quotation and emphasis omitted).

Never has Heatly contended that the allegations in paragraphs 79 and 80 are in fact false. Nor has he demonstrated that the allegations -- which included dates and state court docket numbers -- lacked sufficient indicia of reliability. Moreover, nothing evidences that the allegations in paragraphs 79 and 80 played a role in the district court's determination of Heatly's sentence, let alone "actually served as the basis for the sentence." On this record, the district court committed no error -- plain or otherwise -- declining to strike paragraphs 79 and 80 from the PSI.

II.

We next address Heatly's challenge to the substantive reasonableness of his sentence.

4

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  See Gall v. United States, 552 U.S. 38, 41 (2007).  "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts."  United States v. Rosales-Bruno, 789 F.3d 1249, 1256 (11th Cir. 2015).  We may vacate a sentence "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

We evaluate a sentence's substantive reasonableness by considering the totality of the circumstances.  See Gall, 552 U.S. at 51.  A sentence is substantively unreasonable if it fails to "achieve the purposes of sentencing stated in section 3553(a)."  Pugh, 515 F.3d at 1191.  Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a)(1)-(7).

5

The weight given to a specific section 3553(a) factor is a matter committed to the sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Heatly has failed to demonstrate that his 151-month sentence is substantively unreasonable. On appeal, Heatly contends that the district court placed undue weight on his criminal history and failed to consider adequately the "de miminis" nature of his offense, which involved the sale of 0.73 grams of cocaine for $100.

Heatly's argument is plainly contradicted by the record. At the sentencing hearing, the district court considered expressly -- and afforded significant weight to -- evidence that Heatly's instant offense involved a relatively minor drug transaction. Based on the nature and circumstances of Heatly's offense, the district court explained both that it would impose a sentence at the low end of the guidelines range and would run that sentence concurrent with the five-year sentence Heatly was already serving for an unrelated state conviction.

The district court, however, denied Heatly's request for a below-guidelines sentence of five years. After considering Heatly's arguments and the section 3553(a) factors, the district court found that a sentence at the low end of the guidelines range was "sufficient but not greater than necessary to comply with the

6

statutory purposes of sentencing."  In imposing a within-guideline sentence, the district court stressed that the advisory guidelines range -- which included Heatly's career-offender designation -- had been driven by Heatly's extensive criminal record.  By age 37, Heatly had over 24 prior adult convictions, including convictions for drug-related offenses, aggravated assault on a police officer, resisting a police officer with violence, felony fleeing and eluding, assault, and being a felon in possession of a firearm.  Considering the totality of the circumstances, the district court determined reasonably that a within-guidelines sentence was necessary to promote respect for the law, to provide adequate deterrence, and to protect the public from further crimes committed by Heatly.  That Heatly's sentence is both within the applicable guidelines range and well below the statutory maximum sentence (20 years) also supports a finding of reasonableness.  See United States v. Croteau, 819 F.3d 1293, 1310 (11th Cir. 2016).

AFFIRMED.