[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13805
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00457-WFJ-AAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ANTHONY TIGGETT,
a.k.a. James McGowan,
a.k.a. James McGowen,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 28, 2021)

Before WILSON, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Charles Anthony Tiggett appeals his 180-month sentence for being a felon in possession of a firearm. Tiggett argues that the district court erred in concluding that his prior felony drug convictions under Fla. Stat. § 893.13 constituted serious drug offenses under the Armed Career Criminal Act ("ACCA") and controlled substance offenses under the Sentencing Guidelines. Because our precedent forecloses Tiggett's argument, we affirm his sentence.

We review *de novo* a district court's determination that a prior conviction constitutes a serious drug offense under the ACCA. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). We also normally review *de novo* the district court's interpretation and application of the Sentencing Guidelines. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). However, where a defendant raises an issue for the first time on appeal, we will review the issue only for plain error. *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was . . . not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Id.* (quotation marks omitted).

In *United States v. Smith* ("*Smith I*"), 775 F.3d 1262, 1268 (11th Cir. 2014), we held that offenses under Fla. Stat. § 893.13(1) are both categorically serious drug offenses under the ACCA and controlled substance offenses under the Guidelines.

Neither definition, we said, "requires that a predicate state offense include[] an element of *mens rea* with respect to the illicit nature of the controlled substance." *Id.* Moreover, we specifically rejected the arguments that the presumption in favor of scienter requirements and the rule of lenity apply, because the statutory definitions are unambiguous. *Id.* at 1267; *see also United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017) (reaffirming *Smith I*).

In *Shular v. United States*, 140 S. Ct. 779, 785 (2020), the Supreme Court clarified that a court deciding whether a state offense fits the ACCA's definition of a serious drug offense should do so not by comparing the elements of the state offense to those of a generic offense of the kind identified in § 924(e)(2)(A)(ii), but by asking whether the elements of the state offense "necessarily entail" the type of conduct identified in § 924(e)(2)(A)(ii). The Supreme Court affirmed an unpublished decision of this Court which relied on *Smith I*'s holding that offenses under Fla. Stat. 893.13(1) constitute serious drug offenses under the ACCA. *Id.* at 784. However, the Supreme Court expressly reserved the question whether, even under its analysis, the ACCA requires that a serious drug offense include an element of knowledge of the illicit status of the drug. *Id.* at 787 n.3.

Shortly after *Shular*, we clarified that the reasoning and holding of *Shular* are consistent with our precedent. *United States v. Smith*, 983 F.3d 1213, 1223 (11th Cir. 2020) ("*Smith II*"). Accordingly, we reaffirmed our decision in *Smith I* and held

3

once again that convictions under Fla. Stat. § 893.13(1) constitute serious drug offenses as defined in the ACCA. *Id.* Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this Court *en banc* or by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Here, whether reviewed *de novo* or for plain error, Tiggett has failed to show that the district court erred in sentencing him because, as Tiggett concedes, his arguments are squarely foreclosed by our precedent in *Smith I* (holding that convictions under Fla. Stat. § 893.13(1) are both serious drug offenses under the ACCA and controlled substance offenses under the Guidelines); *see also Smith II*, 983 F.3d at 1223; *Pridgeon*, 853 F.3d at 1197-98. Accordingly, we affirm Tiggett's sentence.

**AFFIRMED.**