[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10882

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARQUES DEANGELO HOWARD,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00238-KKM-SPF-1

————————————————

Before JORDAN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Marques Howard, proceeding with counsel, appeals his 207-month total sentence for conspiracy to commit Hobbs Act robbery, substantive Hobbs Act robbery, carrying and discharging a firearm in relation to a crime of violence, and possession of a firearm by a convicted felon. The government, in turn, has moved for summary reversal, agreeing with Howard's claim that the district court erroneously calculated his advisory guideline range.

Summary disposition is appropriate either when time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

We review *de novo* the interpretation and application of the Sentencing Guidelines. *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir. 2023) (*en banc*). But when a defendant fails to raise an argument before the district court, we review for only plain error. *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012); Fed. R. Crim. P. 52(b). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that

seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Johnson*, 694 F.3d at 1195 (quotation marks omitted).

For an error to be obvious under plain-error review, "it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule." *Id.* (quotation marks omitted). An appellant may satisfy the second prong of the plain-error test by showing that the error is plain at the time of appellate consideration. *Henderson v. United States*, 568 U.S. 266, 279 (2013). "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016). Likewise, "[t]he risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error because of the role the district court plays in calculating the range and the relative ease of correcting the error." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018).

The sentencing table in Chapter Five of the Guidelines manual provides that a criminal-history category of III, combined with an offense level of 22, results in an advisory guideline range of 51 to 63 months' imprisonment. U.S.S.G. Ch. 5, Pt. A.

Here, we grant summary reversal as to Howard's sentence because the district court plainly erred in finding Howard's total

offense level.  Howard had a base offense level of 20 and 5 levels of applicable enhancements.  So Howard's adjusted offense level totaled 25, not 28.  This error increased Howard's advisory guideline range from 51 to 63 months to 70 to 87 months.  That is an error that clearly affected Howard's substantial rights and the fairness, integrity, or public reputation of the judicial proceedings.

Because the parties' position is clearly correct as a matter of law, we GRANT the government's motion for summary reversal.

**REVERSED AND REMANDED.**