[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13754

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL ANDREW HESTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:21-cr-00006-HL-TQL-2

_____

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Michael Andrew Hester appeals his 262-month sentence for conspiracy to distribute heroin. He moves for summary reversal, and the government does not oppose the motion. Because the district court plainly erred in sentencing him as a career offender when he was convicted only of an inchoate offense, we now grant Hester's motion, vacate his sentence, and remand for resentencing.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In July 2022, Hester pleaded guilty to one count of conspiracy to distribute heroin. Hester's presentence investigation report calculated a base offense level of 24. The report then applied two different two-level increases—for possession of a firearm during his offense and for obstruction of justice—raising his offense level to 28. The report also classified Hester as a career offender based on his age, criminal history, and "controlled substance offense" of conviction—raising his total offense level to 34 pursuant to section 4B1.1(b)(2) of the sentencing guidelines. The report also calculated a criminal history score of 25, resulting in a criminal history category of VI. Based on Hester's total offense level of 34 and his criminal history category of VI, the report calculated a guideline range of 262 to 327 months' imprisonment.

Hester objected to being classified as a career offender on the grounds that one of his prior offenses did not qualify as a

predicate crime of violence. He did not object that his offense of conviction did not qualify as a "controlled substance offense," as defined in sentencing guidelines section 4B1.2(b).

The district court overruled Hester's objection, accepted the presentence investigation report, and sentenced Hester to 262 months' imprisonment. This is Hester's appeal.

## DISCUSSION

Hester seeks summary reversal on the basis that his conviction for conspiracy to distribute heroin was not a qualifying "controlled substance offense" under the career offender guideline. We agree and will grant his motion.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Although we ordinarily review the interpretation and application of the sentencing guidelines de novo, when a defendant fails to raise an argument in the district court, we review only for plain error. *United States v. Johnson*, 694 F.3d 1192, 1195 & nn.2–3 (11th Cir. 2012) (citations omitted).

The district court commits plain error when "(1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity[,] or public reputation of the judicial proceedings." *Id.* at 1195 & n.4 (quoting *United*

*States v. Spoerke*, 568 F.3d 1236, 1244–45 (11th Cir. 2009)).  An error that is "plain under controlling precedent" is obvious.  *Id.* at 1195 & n.5 (quoting *United States v. Lett*, 483 F.3d 782, 790 (11th Cir. 2007)).  This can be shown through precedent that makes clear the error is "'plain' at the time of appellate consideration."  *Henderson v. United States*, 568 U.S. 266, 279 (2013) (quoting *Johnson v. United States*, 520 U.S. 461, 468 (1997)).  As to prejudice, "[w]hen a defendant is sentenced under an incorrect [g]uidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."  *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016).  And as to fairness, "[t]he risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain [g]uidelines error."  *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018).

To qualify as a career offender under the sentencing guidelines, a defendant's offense of conviction must be either a "crime of violence" or a "controlled substance offense."  U.S.S.G. § 4B1.1(a).  Section 4B1.2(b) defines "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . distribution . . . of a controlled substance . . . or the possession of a controlled substance . . . with intent to . . . distribute" it.  U.S.S.G. § 4B1.2(b).  In *United States v. Dupree*, we explained that "[t]he plain language definition of 'controlled substance offense' in [section] 4B1.2 unambiguously excludes inchoate offenses" like conspiracy.  57 F.4th 1269, 1277

(11th Cir. 2023) (en banc).  We therefore held that the defendant's "conviction for conspiracy to possess with intent to distribute heroin and cocaine" was "not a controlled substance offense."  *Id.* at 1280.

Based on *Dupree*, it is "plain under [our] controlling precedent" that Hester's conviction for conspiracy to distribute heroin was not a "controlled substance offense" as defined in the career offender guideline.  *Cf. Johnson*, 694 F.3d at 1195 & n.5.  This error affected Hester's substantial rights by increasing his total offense level from 28 to 34, resulting in a guideline range of 262 to 327 months' imprisonment—instead of 140 to 175 months' imprisonment.  *See Molina-Martinez*, 578 U.S. at 201 (explaining that, in the "ordinary case," a defendant "satisf[ies] his burden to show prejudice by pointing to the application of an incorrect, higher [g]uidelines range and the sentence he received thereunder").

In short, Hester is correct as a matter of law that he is not a career offender under the guidelines.  We therefore grant Hester's motion, vacate his sentence, and remand for resentencing.

**MOTION GRANTED; VACATED AND REMANDED.**