[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13441
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cr-00019-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY CHANDLER, JR.,
a.k.a. "D",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 26, 2015)

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Danny Chandler, Jr., appeals his total 180-month sentence of imprisonment, imposed after he pled guilty to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 1); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2); and being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (Count 4).  On appeal, Chandler argues that the district court unlawfully enhanced his sentence by ruling that his prior conviction for possession of cocaine with the intent to distribute under Fla. Stat. § 893.13(1), which did not require proof that he knew of the illicit nature of the substance, was a "controlled substance offense" within the meaning of United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.2.

Because this Court recently held in *United States v. Smith*, __ F. 3d __, No. 13-15227, 2014 WL 7250963, at *5 (11th Cir. Dec. 22, 2014), that "Section 893.13(1) of the Florida Statutes is . . . a 'controlled substance offense,' U.S.S.G. § 4B1.2(b)," we affirm.

## I.

After Chandler entered his guilty plea, the probation office prepared his presentence investigation report ("PSR").  The probation officer calculated an initial base offense level of 22 under U.S.S.G. § 2K2.1(a)(3), because the offense involved a "firearm that is described in 26 U.S.C. § 5845(a)"—in this case, a

2

sawed-off shotgun with a barrel less than 18 inches in length—and he had a prior felony conviction for a "controlled substance offense," as defined by U.S.S.G. § 4B1.2(b). Specifically, Chandler had a prior Florida conviction for possession of cocaine with the intent to distribute, Fla. Stat. § 893.13(1)(a)(1). Two levels each were added under § 2K2.1(b)(1)(A), because the offense involved three firearms, and under § 2K2.1(b)(4)(B), because one of the firearms had been reported stolen. Finally, as a result of Chandler's acceptance of responsibility and cooperation with authorities, the probation officer reduced the offense level by three. Chandler's total adjusted offense level was 23.

Chandler qualified for a criminal history category of IV. His resulting advisory guideline range for Counts 1 and 4 was 70 to 87 months' imprisonment. Count 2 carried a 120-month guideline range, required to be served consecutively to the sentences for Counts 1 and 4.

At sentencing, Chandler made no objection to the calculation of the sentencing guideline range. After hearing evidence and considering the arguments of the parties, the district court imposed concurrent 60-month sentences of imprisonment on Counts 1 and 4, below the advisory guideline range, and a consecutive 120-month sentence on Count 2, for a total term of 180 months.

## II.

Generally, we review *de novo* whether a prior conviction is a "controlled substance offense" under § 4B1.2(b). *United States v. Frazier*, 89 F.3d 1501, 1505 (11th Cir. 1996). However, where, as here, the issue presented on appeal was not raised before the district court, we review for plain error only. *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012).

## III.

Chandler argues that his prior conviction for possession with intent to distribute cocaine was not a "controlled substance offense" because Fla. Stat. § 893.13(1) does not require proof of the defendant's knowledge of the illicit nature of the substance. In 2002, the Florida legislature amended § 893.13 by eliminating knowledge of the illicit nature of a substance as an element of controlled-substance offenses. Fla. Stat. § 893.101(1)–(2). Chandler contends that, when applying the categorical approach[1], his § 893.13(1)(a) conviction does not fit within the generic federal definition of a "controlled substance offense" because, unlike analogous federal law, 21 U.S.C. § 841(a)(1), the State is not required to establish the defendant's *mens rea* of the illicit nature of the substance.

---

[1] *See generally Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2283-84 (2013); *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1279-82 (11th Cir. 2013) (using the categorical approach and holding that a conviction under Fla. Stat. § 893.13(1)(a)(2), as amended by Fla. Stat. § 893.101, was not a "drug trafficking crime," as defined 18 U.S.C. § 924(c)(2), and therefore was not a "drug trafficking aggravated felony" for purposes of 8 U.S.C. §§ 1227(a) and 1101(a)(43)(B)).

4

The sentencing provision that Chandler challenges, U.S.S.G. § 2K2.1(a)(3), provides, in relevant part, for a base offense level of 22 if the defendant committed the instant offense after sustaining a felony conviction for a "controlled substance offense."    U.S.S.G. § 2K2.1(a)(3)(B).    If Chandler's prior conviction did not qualify as a "controlled substance offense," his offense level would have been 20, resulting in a guideline range of 57 to 71 months of imprisonment.  The Guidelines define "controlled substance offense," in turn, as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2(b); *see* U.S.S.G. § 2K2.1, cmt. n.1.

Chandler's argument that his Fla. Stat. § 893.13(1)(a) conviction for possessing cocaine with the intent to distribute is not a "controlled substance offense" under the U.S.S.G. § 4B1.2(b), because it has no *mens rea* requirement, is squarely foreclosed by this Court's recent holding in *Smith*.  *See Smith*, 2014 WL 7250963, at *5.  According to our decision in *Smith*, U.S.S.G. § 4B1.2(b) includes "crimes that do not require an element of *mens rea* regarding the illicit nature of the controlled substance."  *Smith*, 2014 WL 7250963, at *1.  "We are bound by prior panel decisions unless or until we overrule them while sitting *en banc*, or they

5

are overruled by the Supreme Court." *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011). Therefore, the district court did not plainly err, and we affirm Chandler's 180-month sentence of imprisonment.

**AFFIRMED.**