[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11293
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00411-JDW-AEP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IAN ONEIL BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 19, 2017)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Ian Brown appeals his 81-month total sentence, after pleading guilty to falsely representing a social security number, aggravated identity theft, and possession of a firearm by an illegal alien.  On appeal, Defendant challenges the procedural and substantive reasonableness of his sentence.  After careful review, we affirm.

## I.    BACKGROUND

According to the Presentence Investigation Report ("PSR"), in 1997, Defendant, a citizen and national of Jamaica, began using the legitimately-issued social security number of another individual named Dunn Wiltshire.  Wiltshire filed a police report in 2013, claiming that his identity had been stolen.  The Social Security Office of the Inspector General and the Department of Homeland Security eventually determined that Defendant was responsible for the misuse of Wiltshire's identity.  While conducting surveillance at a residence in Florida, which had been identified as Wiltshire's, investigators observed Defendant arrive at the residence in a car registered to Shawn Anthony Canton.

It was later revealed that Defendant obtained a license in Canton's name with Canton's social security number and a forged version of Canton's birth certificate.  Defendant purchased the identities of Wiltshire and Canton for $1,000 and $4,000, respectively.  Law enforcement officials subsequently searched

2

Defendant's residence and found among other things, birth certificates in Canton's and Wiltshire's names, as well as a firearm.

Defendant subsequently pleaded guilty to falsely representing a social security number, in violation of 42 U.S.C. § 408(a)(7)(B), aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2).

In anticipation of sentencing, the probation officer prepared the PSR. The PSR grouped Counts 1 and 3 separately.[1] As to Count 1 (falsely representing a social security number), the PSR calculated a base offense level of 6, pursuant to U.S.S.G. § 2B1.1(a)(2). Defendant received a 12-level enhancement under § 2B1.1(b)(1)(G), because the loss was more than $250,000 but less than $550,000. Specifically, Defendant derived $511,176.37 of income earnings that he would not have otherwise received without the fraud. Defendant also received two additional enhancements not relevant to this appeal, resulting in an adjusted offense level of 22 as to Count 1.

As to Count 3 (possession of a firearm by an illegal alien), the PSR assigned Defendant a base offense level of 24, pursuant to U.S.S.G. § 2K2.1. Because Defendant did not receive any other enhancements or reductions, his adjusted offense level was 24. Because the offense level for Count 3 was greater than the

---

[1] Pursuant to U.S.S.G. § 2B1.6, Count 2 is exempt from grouping and requires a 24-month sentence consecutive to any other sentence imposed.

3

offense level for Count 1, the PSR used the offense level from Count 3 to calculate the guideline range.  With a 2-level multi-count adjustment and a 3-level reduction for acceptance of responsibility, Defendant's resulting total offense level was 23.  Based on a total offense level of 23 and a criminal history category of III, Defendant's guideline range was 57 to 71 months' imprisonment.  The PSR noted that Defendant was also subject to a 24-month term of imprisonment as to Count 2, to run consecutively to any other sentence imposed.

At the sentencing hearing, the district court sustained an objection Defendant raised to the 12-level enhancement under § 2B1.1(b)(1)(G), which resulted in an amended guideline range of 46 to 57 months' imprisonment as to Counts 1 and 3.  Defendant asserted that a sentence of 46 months' imprisonment, followed by the consecutive 24-month sentence on Count 2, would adequately reflect the seriousness of his crimes.  The Government acknowledged Defendant's acceptance of responsibility, but stressed the seriousness of the offense and the impact that Defendant's crimes had on the victims.  The Government asserted that a sentence at the high end of the guideline range was necessary to reflect the seriousness of the offense.

In addressing the 18 U.S.C. § 3553(a) factors, the district court stated in relevant part:

> The nature and circumstances of the offense have been alluded to by counsel.  This was a 15-year identity theft, a fraud perpetrated by the

4

defendant without regard to the impact on these victims. While there may not be any way to measure the financial loss to these victims, it is not difficult to consider the financial stress, the turmoil, the confusion, the sense of invasion of privacy that these victims must have and are today experiencing.

. . .

This is a serious offense and I don't mean to understate that in any way. And I don't think one can overstate it. Identity theft is rampant. . . .

It sounds like you have a lovely [fiancée] and a good family. You certainly have family support. And they are going to be hurt and disadvantaged because of the sentence I impose. But that is your doing, sir, not mine.

Consequently, the district court sentenced Defendant to a total sentence of 81 months' imprisonment, consisting of a 57 month, within-guidelines range sentence as to Counts 1 and 3, followed by the mandatory, consecutive 24-month term of imprisonment on Count 2. This appeal followed.

## II.    DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). First, we determine whether a sentence is procedurally reasonable. *Id.* "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based

on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008).

After determining that a sentence is procedurally sound, we then examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[2] *Cubero*, 754 F.3d at 892. The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008). We will only vacate a defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

### A.    Procedural Reasonableness

Defendant argues that the district court procedurally erred by relying on factual findings that were not supported by any evidence. In particular, he asserts

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

that the Government did not present any evidence to show that both victims suffered as a result of Defendant's fraud.

We review the district court's factual findings for clear error. *United States v. McGuinness*, 451 F.3d 1302, 1304 (11th Cir. 2006). However, because Defendant did not challenge this factual finding before the district court, we review his argument on appeal for plain error. *See United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012). We will notice plain error when "(1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Id.* (quotation omitted).

The Government must prove the facts relevant to sentencing by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 156 (1997). The sentencing court's factual findings may be based upon evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing. *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007). Although the district court is permitted to draw reasonable inferences from the record, it must base its factual determinations on reliable and specific evidence, not speculation. *United States v. Creel*, 783 F.3d 1357, 1359 (11th Cir. 2015); *United States v. Newman*, 614 F.3d 1232, 1238 (11th Cir. 2010).

Here, the district court did not commit plain error by finding that the harm suffered by the victims rendered the offense sufficiently serious to warrant a sentence at the high end of the guideline range. The PSR stated that Wiltshire filed a statement in 2013, indicating that as a result of the identity theft (1) he had no credit, (2) he was forced to move in with his parents, (3) the Internal Revenue Service had investigated him, and (4) he tried to purchase a car in 2000 but was denied due to having poor credit. Because Defendant did not object to these facts, the district court was permitted to rely on them to support its finding. *See Smith*, 480 F.3d at 1281.

Although the Government did not present any evidence regarding the harm suffered by Canton, Defendant has not shown that the district court relied on speculation in crafting his sentence. Indeed, the record suggests that the district court based its sentence on the cumulative suffering of the victims and not speculation regarding Canton. Moreover, the undisputed facts demonstrating the impact the fraud had on Wiltshire adequately supported the district court's finding that the harm suffered rendered the offense serious. *See Creel*, 783 F.3d at 1359; *Newman*, 614 F.3d at 1238. Accordingly, Defendant has not demonstrated that the district court plainly erred by relying on the impact of Defendant's crimes in determining an appropriate sentence.

**B.    Substantive Reasonableness**

Defendant argues that his sentence was substantively unreasonable because it was greater than necessary to accomplish the goals of sentencing.  We disagree.

At the outset, Defendant's sentence was within the guideline range.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, although we do not presume that a sentence within the guideline range is reasonable, we typically expect it to be reasonable).  Moreover, his 57-month sentence was well below the statutory maximum sentences of 5 years on Count 1 and 10 years on Count 3, and his consecutive 24-month sentence on Count 2 was required by statute.  *See* 42 U.S.C. § 408(a)(7)(B); 18 U.S.C. §§ 922(g)(5), 924(a)(2), 1028A(a)(1); *see also Gonzalez*, 550 F.3d at 1324 (explaining that a sentence that is below the statutory maximum is an indicator of reasonableness).

Further, as noted by the district court, Defendant's sentence was supported by several § 3553(a) factors, including the nature and circumstances of the offense, the seriousness of the offense, the need for deterrence, and the need to promote respect for the law.  *See* 18 U.S.C. § 3553(a)(1)-(2).  Specifically, the district court referenced the 15-year duration of the fraud, the harm suffered by the victims, the effect the sentence would have on Defendant's family, and the severity of identity theft.

9

Although Defendant argues that the mitigating factors supported a sentence at the low end of the guideline range, the district court was permitted to conclude that other factors weighed more heavily in favor of a sentence at the top of the guideline range. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. . . ." (quotations omitted)).

Finally, we are not persuaded by Defendant's argument that the district court's imposition of a sentence at the high end of the guideline range defeated the purpose of sustaining Defendant's objection to the 12-level enhancement under § 2B1.1(b)(1)(G). That the district court sustained Defendant's objection because the precise amount of loss could not be ascertained did not mean that the district court was not permitted to impose a sentence at the top of the amended guideline range. In short, the record shows that the district court considered and weighed the conflicting factors in making its sentencing determination and Defendant has not met his burden of showing that the district court arrived "at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotations omitted).

For the foregoing reasons, Defendant's sentence is **AFFIRMED**.

10