[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12708
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20613-JLK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VLADIMIR LOUISSANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 10, 2018)

Before WILSON, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Vladimir Louissant appeals his 50-year sentence, imposed after he pled guilty to possession of a firearm in furtherance of a crime of violence resulting in death.  *See* 18 U.S.C. §§ 1111, 924(c)(1)(A), 924(j)(1); 2.  Louissant raises three issues on appeal.  First, he argues that the district court failed to state its reasons for imposing a sentence at a particular point within the advisory guideline range.  Second, he argues that the district court committed a significant procedural error by basing his sentence on a clearly erroneous fact.  Third, he argues that his sentence was substantively unreasonable because the court focused solely on his role in the crime and failed to consider other mitigating factors.  After careful consideration of the briefs and the record, we affirm.

I.

We review de novo the sufficiency of the district court's explanation under 18 U.S.C. § 3553(c)(1), even if the defendant did not object below.  *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).

Under 18 U.S.C. § 3553(c)(1), a sentencing court must "state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . is of the kind, and within the range [recommended by the Guidelines,] and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range."  18 U.S.C. § 3553(c)(1).  To comply with § 3553(c)(1), the court should tailor its reasoning to show that the sentence imposed is appropriate in light

2

of the § 3553(a) factors.  *United States v. Veteto*, 920 F.2d 823, 826 (11th Cir. 1991).

The district court did not err under 18 U.S.C. § 3553(c)(1).  The court conducted a thorough sentencing hearing, stated that the sentence imposed was consistent with the purposes of sentencing and the § 3553(a) factors, and explained why Louissant's role in the underlying crime distinguished him from the other co-defendants.  Specifically, the district court found that Louissant was more culpable than the co-defendants because he "shot and killed a young man taking his life by his own action and his own intent."  The district court heard extensive arguments from the parties and gave due consideration to the presentence investigation report (PSI) calculations in making its determination.  We find that the district court fulfilled its obligations under 18 U.S.C. § 3553(c)(1) to describe the specific reasons for Louissant's guideline sentence.

## II.

We review the procedural and substantive reasonableness of a sentence for abuse of discretion.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  However, when a defendant fails to raise a procedural reasonableness argument before the district court, we review only for plain error.  *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012).  Plain error occurs where (1) there is an error; (2) the error is plain or obvious; (3) the error affected the defendant's

substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affected the fairness, integrity or public reputation of the judicial proceedings. *Id.* "In order for an error to be obvious for purposes of plain error review, it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule." *Id.*

A sentence is procedurally unreasonable if the district court miscalculated the guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, based the sentence on clearly erroneous facts, or failed to adequately explain the sentence. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (per curiam).

Although the government concedes that the district court clearly erred in finding that no other codefendant was convicted of the same crime, the error was not plain. The district court repeatedly emphasized why it reached the conclusion that Louissant was not similarly situated with, and was more culpable than, his codefendants: because he was the one who shot and killed the Brinks courier during the robbery. The record demonstrates that the district court's error regarding whether a codefendant was convicted of the same crime did not affect Louissant's substantial rights in receiving his 50-year sentence, and, accordingly, was not plain error.

III.

We review the substantive reasonableness of a sentence for an abuse of discretion in light of the totality of the circumstances and the § 3553(a) factors. *Trailer*, 827 F.3d at 935–36.  The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the advisory guideline range, pertinent policy statements issued by the Sentencing Commission, and the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a).  The weight given to each § 3553(a) factor is committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors.  *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).  Nevertheless, a court abuses its discretion if it (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  Under the abuse-of-discretion standard, we will reverse only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id.* at 1190.  We

5

ordinarily expect that a sentence within the guideline range is reasonable. *United States v. Nagel*, 835 F.3d 1371, 1377 (11th Cir. 2016).

Here, the district court did not impose a substantively unreasonable sentence. The 50-year sentence was within the guideline range and the record shows that the district court gave thorough consideration to multiple § 3553(a) factors—including the purposes of sentencing, Louissant's history and characteristics, the nature and circumstances of the offense, the guideline range, and the need to avoid sentencing disparities. Furthermore, the district court was entitled to give significant weight to the nature and circumstances of Louissant's offense, especially in light of his co-defendants' sentences. We are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" when it sentenced Louissant to fifty years in prison. *Irey*, 612 F.3d at 1190. Accordingly, we affirm his sentence as substantively reasonable.

**AFFIRMED.**