[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15249
Non-Argument Calendar
_____

D.C. Docket Nos. 4:18-cr-00001-MW-CAS-1,
4:03-cr-00069-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS NEAL MANNING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 16, 2020)

Before NEWSOM, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

In 2018, a jury found Marcus Manning guilty of possessing with intent to

distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B)(ii).  When Manning was arrested for this offense, he was on supervised release for different federal drug convictions from 2004.  Because of his prior criminal history, Manning faced a mandatory minimum sentence of 120 months.  The district court ultimately sentenced Manning to 120 months' imprisonment for his present offense, to be served consecutively with a 30-month sentence that the court had previously imposed after Manning violated his supervised release.  Manning argues on appeal (1) that the district court abused its discretion in admitting his past convictions into evidence, (2) that improper remarks made by the prosecutor denied him a fair trial, and (3) that the district court plainly erred in failing to explicitly state that it considered the 18 U.S.C. § 3553(a) factors when it decided that his sentences would run consecutively.

We consider each of Manning's arguments in turn and ultimately affirm the district court.

## I

We first address Manning's argument that the district court abused its discretion in admitting into evidence his 2004 convictions for distributing cocaine base and possession with intent to distribute more than 50 grams of cocaine base.

## A

We review the district court's admission of Manning's past convictions under Federal Rule of Evidence 404(b) for an abuse of discretion.  *United States v.*

*Brown*, 587 F.3d 1082, 1091 (11th Cir. 2009).  Rule 404(b)(1) prohibits the admission of prior-crime evidence "to prove a person's character in order to show that on a particular occasion the person acted in accordance with [that] character." But prior-crime evidence is admissible for other purposes, "such as to prove motive, intent, or absence of mistake." *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012); *see also* Fed. R. Evid. 404(b)(2).  "To be admissible under Rule 404(b), the evidence must be (1) relevant to one of the enumerated issues other than the defendant's character, (2) supported by sufficient evidence to allow a jury to determine that the defendant committed the act, and (3) not unduly prejudicial under the standard set forth in Rule 403." *United States v. Barron-Soto*, 820 F.3d 409, 417 (11th Cir. 2016).

Evidence is deemed relevant if "it has any tendency to make a fact more . . . probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  We have recognized that "[e]vidence of [a defendant's] prior drug dealings is highly probative of intent to distribute a controlled substance." *Barron-Soto*, 820 F.3d at 417 (internal quotation marks and citation omitted).  We have also stated that "[o]ne factor to consider in determining whether the evidence of prior acts is admissible to prove intent is whether it appeared at the commencement of trial that intent would be a contested issue," *United States v. Cardenas*, 895 F.2d 1338, 1342 (11th Cir. 1990),

and further, that a defendant "makes intent a material issue" by pleading not guilty, *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). *See also United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013) ("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." (quotation omitted)).

While relevant evidence may be excluded under Rule 403 if the probative value of that evidence "is substantially outweighed by a danger of . . . unfair prejudice," Fed. R. Evid. 403, that "is an extraordinary remedy to be used sparingly," *Barron-Soto*, 820 F.3d at 417. When performing Rule 403 balancing, we "consider the strength of the government's case on the intent issue absent the proffered evidence of prior bad acts." *Cardenas*, 895 F.2d at 1343. We have held that where "the government [does] not have powerful proof" of intent absent the prior-acts evidence, "the government's need to introduce the testimony [cannot be] questioned." *Id.* at 1343–44.

The district court should also consider the remoteness and similarity of the prior offense to the present charge when making a Rule 403 decision. *Id.* at 1344; *see also Barron-Soto*, 820 F.3d at 417–18. As to remoteness, a defendant faces "a heavy burden in demonstrating an abuse of the court's broad discretion in

4

determining if an extrinsic offense is too remote to be probative." *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005) (internal quotation marks and citation omitted). We have upheld a district court's admission of a conviction that was 15 years old, deciding that it was still probative of knowledge and intent because the defendant was "incarcerated until approximately seven years before the [crime] at issue" in that case. *Sterling*, 738 F.3d at 239. As to the similarity of the prior offense to the charged crime, we have held that "factual dissimilarities"—such as a different amount or type of drugs—do not make admission of a prior drug offense "unduly prejudicial." *Barron-Soto*, 820 F.3d at 417–18; *see also Sterling*, 738 F.2d at 238 ("A prior crime need not be factually identical in order for it to be probative.").

## B

Here, the prior-conviction evidence was relevant to Manning's intent. Manning placed his intent at issue during his trial by conceding possession but pleading not guilty. *See Delgado*, 56 F.3d at 1365. Because intent was a material issue—indeed, the only issue—at trial, evidence of Manning's 2004 convictions was "highly probative" of his intent to distribute and thus relevant under Rule 401. *See Barron-Soto*, 820 F.3d at 417; Fed. R. Evid. 401. Further, because Manning stipulated to the existence of his 2004 convictions, there was sufficient evidence

for the jury to conclude that Manning committed that crime. *See Sanders*, 668 F.3d at 1314–15.

The prior-conviction evidence was also not unduly prejudicial under Rule 403. Manning's prior drug convictions were "highly probative" of his intent in the charged crime, *see Barron-Soto*, 820 F.3d at 417, and were even more probative because the government's case regarding Manning's intent was mainly circumstantial, *see Cardenas*, 895 F.2d at 1343–44. Although Manning's convictions were 13 years old at the time of the charged offense, he was released from prison only four and a half years prior to his trial. *See Sterling*, 738 F.3d at 238–39. And while Manning's prior convictions were not identical to the charged offense, differences in the amount or type of drugs do not substantially prejudice a defendant. *See Barron-Soto*, 820 F.3d at 417–18. Thus, Manning has not shown that the prejudice of admitting his 2004 convictions outweighs their high probative value.

The district court therefore did not abuse its discretion in admitting Manning's 2004 convictions at trial.

## II

Manning next argues that the district court plainly erred by not ordering a new trial because of inappropriate remarks made by the prosecutor. Specifically, Manning asserts that the prosecutor (A) improperly addressed Rule 404(b)

evidence by emphasizing Manning's prior drug convictions, (B) misrepresented the law, and (C) improperly used his status as a government attorney to sway the jury.

## A

When a party fails to object to a prosecutor's improper remarks at trial, "we review only for plain error that is so obvious that failure to correct it would jeopardize the fairness and integrity of the trial." *United States v. Merrill*, 513 F.3d 1293, 1306–07 (11th Cir. 2008) (internal quotation marks and citation omitted); *see also United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012) ("[W]hen a defendant fails to raise an argument before the district court, we review only for plain error."). "To prevail under the plain error standard, an appellant must show: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). "An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred." *Id.*

To show prosecutorial misconduct, a defendant must establish (1) that the prosecutor's remarks were improper and (2) that those remarks prejudiced his substantial rights. *Merrill*, 513 F.3d at 1307. "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the

remarks, the outcome of the trial would have been different." *Id.* (quotation omitted). We review potentially improper remarks "in context." *United States v. Stefan*, 784 F.2d 1093, 1100 (11th Cir. 1986). During closing arguments, "a prosecutor may not exceed the evidence," but he "may state conclusions drawn from the evidence." *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997). Further, while a prosecutor may not "argu[e] credibility based on the reputation of the government office," he is entitled "to respond to arguments advanced by defense counsel." *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009) (internal quotation marks and citation omitted).

**B**

Here, because Manning did not object to the prosecutor's statements at trial, his claim is subject to plain-error review. *See Merrill*, 513 F.3d at 1306–07. Under that standard, Manning has not shown that the district court's error was "so obvious that failure to correct it would jeopardize the fairness and integrity of the trial." *See id.* (internal quotation marks and citation omitted).

Turning first to the prosecutor's remarks emphasizing that Manning was a drug dealer, the prosecutor properly drew conclusions from the evidence before the jury. *See Bailey*, 123 F.3d at 1400. The jury heard Manning testify that he had sold marijuana, and further, Manning stipulated to his 2004 drug convictions. The prosecutor also acknowledged—and the court instructed—that the jury could

8

consider Manning's prior drug dealings as evidence only of his intent to distribute, not that he had acted in conformity with his prior bad acts.  Even if we were to conclude that the prosecutor's remarks were improper, Manning cannot show that the remarks prejudiced him.  As we have explained, the jury had already heard evidence of Manning's prior drug dealing and convictions.  And we've recognized that "[b]ecause statements and arguments of counsel are not evidence, improper statements can be rectified by the district court's instruction to the jury that only the evidence in the case be considered"—an instruction that the district court gave at Manning's trial.  *Lopez*, 590 F.3d at 1256 (quotation omitted).  Thus, Manning has not demonstrated that the prosecutor's remarks "jeopardize[d] the fairness and integrity of the trial."  *Bailey*, 123 F.3d at 1400.

Similarly, while the government concedes that the prosecutor misstated the law with respect to the legality of dumping the cocaine in a lake, Manning has not shown prosecutorial misconduct.  In context, the prosecutor's (incorrect) statement that Manning could have thrown the cocaine in the lake without legal consequences was only one of several examples the prosecutor gave to demonstrate that Manning could have taken other steps to avoid keeping the cocaine in his car if it was not his.  *See Stefan*, 784 F.2d at 1100.  Even if improper, the government's misstatement of the law did not prejudice Manning's substantial rights or change the outcome of the trial.  *See Merrill*, 513 F.3d at 1306–07.  The

9

jury would still have heard the prosecutor's argument that, if Manning's version of the story were true (that he did not intend to distribute the cocaine), other options were available to him—such as calling the police or his probation officer—to avoid being caught with the cocaine.

Finally, as to the contention that the prosecutor improperly used his status as a government lawyer, Manning has not shown prosecutorial misconduct or plain error. Manning attempted to persuade the jury in his closing that the government based its case on speculation. The government was entitled to respond to this argument and did so by stating that Manning did not speak on behalf of the United States. *See Lopez*, 590 F.3d at 1256. The prosecutor referring to a guilty verdict as "just and fair" must be taken in the larger context of the prosecutor's rebuttal, which emphasized that both sides had presented their case in a "full and fair trial"; that the jury should "make a fair and just verdict based on the evidence, and the testimony, and [their] common sense"; and that only the jury had "the power and the authority to make the call." The record does not show that the prosecutor attempted to persuade the jury based on the credibility of his position as a government lawyer. *See id.* Even if we were to consider the prosecutor's statements to be improper, any "harm inflicted . . . was lessened by the jury's understanding that the prosecutor's remarks were an invited response." *Stefan*, 784 F.2d at 1100. Manning has not presented evidence suggesting that he would have

prevailed but for the prosecutor's statements and thus, he has not shown prejudice. *See Merrill*, 513 F.3d at 1306–07.

## III

Manning's final argument is that his sentence was procedurally unreasonable because the district court plainly erred in failing to consider the 18 U.S.C. § 3553(a) factors when it decided that Manning's 30-month sentence for violating his supervised release would be served consecutively to his 120-month sentence.

## A

We review unpreserved challenges to procedural reasonableness for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  But we do not review invited error, which exists when a party's statements or actions "induce[] or invite[] the district court into making an error." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (internal quotation marks and citation omitted).  "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *Id.* (quotation omitted).  When "the doctrine of invited error applies . . . review is waived even if plain error would result." *United States v. Frank*, 599 F.3d 1221, 1240 (11th Cir. 2010).

When imposing multiple sentences on a defendant, a district court has discretion to impose those sentences concurrently or consecutively.  18 U.S.C.

§ 3584(a). "Multiple terms of imprisonment imposed at different times" are presumed to "run consecutively unless the court orders that the terms are to run concurrently." *Id.* The Sentencing Guidelines also state that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f). While a district court must consider the 18 U.S.C. § 3553(a) factors when deciding whether multiple terms will run concurrently or consecutively, 18 U.S.C. § 3584(b), it need not explicitly discuss each factor. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). "It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

## B

As an initial matter, it appears to us that Manning invited the alleged error because his lawyer acknowledged that the Sentencing Guidelines called for a consecutive sentence. During the sentencing hearing, Manning's counsel stated that his "understanding of the guidelines is that . . . whatever disposition is imposed today, it's required to be consecutive in nature." At the end of the hearing, the government asked the court whether Manning's sentences would run concurrently or consecutively. The court stated that they would run consecutively

12

and asked Manning's counsel if he had any questions. He responded: "No sir. I think the guidelines are straightforward on that." Manning cannot attempt to obtain reversal now on appeal because the district court imposed a consecutive sentence. *See Love*, 449 F.3d at 1157.

Even if we concluded that Manning did not invite the alleged error, Manning's procedural-reasonableness arguments would fail under plain-error review, which applies here because Manning did not object at trial. *See Vandergrift*, 754 F.3d at 1307. At the sentencing hearing, the district court considered the § 3553(a) factors and heard the parties' arguments. *See Sanchez*, 586 F.3d at 936. Manning has not identified controlling precedent that shows that the district court erred by failing to explicitly state—a second time—that it considered the § 3553(a) factors before imposing a consecutive sentence. Thus, he has not demonstrated plain error. *See Ramirez-Flores*, 743 F.3d at 822.

\* \* \*

In conclusion, the district court did not abuse its discretion in admitting evidence of Manning's prior convictions. The prosecutor's remarks at trial were not improper, and Manning has not shown plain error. As to the alleged sentencing error, Manning invited it and, alternatively, has not demonstrated procedural unreasonableness under plain-error review. We therefore affirm the district court.

**AFFIRMED.**