[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11369
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:94-cr-04057-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JYRONE JEREMIAH JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 1, 2012)

Before EDMONDSON, KRAVITCH and FARRIS,[*] Circuit Judges.

---

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

FARRIS, Circuit Judge:

In *United States v. Lacey*, we said that a defendant "is entitled to 'a written statement by the factfinders as to the evidence relied on and reasons for revoking'" probation. 648 F.2d 441, 445 (5th Cir. Unit A June 1981) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593 (1972)). We neither ignore nor retreat from one word of *Lacey*. We will assume that *Lacey*'s teaching extends to revocation of supervised release. Upon the record, *Lacey*'s requirement was satisfied.

Johnson was before the court because of a <u>single</u> incident of extreme domestic violence. The record reflects that a hearing was held to determine the facts of the incident. Testimony revealed that Johnson battered the victim over the course of several hours on a Friday night. Johnson stood on her hair so that she could not lift her head while he punched her, and he kicked her several times. When she coughed up blood, Johnson dragged her to a sink so she could clean herself up. The following Monday, she had a huge bruise on her left arm and bruises on her chest and neck, her mouth was puffy, and there was a footprint of a tennis shoe on her chest. On Wednesday, probation officers found bruises all over both of her arms, including eight bruises on her right arm and a huge bruise on her left arm, bruising on her collarbone between her breasts, and a bruise on her right

2

thigh. She also told them that her collarbone might be broken.

Johnson denied the alleged facts in spite of the evidence that the victim, who had sought permission to leave the halfway house and live with him, was battered so badly that she sought permission and did return to the halfway house.

At the hearing, the sole question was whether the single incident of battery justified termination of supervised release. Johnson was present and represented by counsel. He neither objected nor did he or his counsel indicate by words or even body language that any language of the court's crystal clear holding was less than fully understood. The court stated after all evidence was concluded, "The Court has heard testimony yesterday and today and I am satisfied that [the] violation has been established beyond any doubt in this Court's mind." It further explained, "the Court has carefully considered the statements of all the parties and the information contained in the violation report. I've also had the opportunity to hear the evidence in this case and observe the witnesses on the stand, including your own testimony. The court finds that you have violated the terms and conditions of your supervised release." Given the simple issue before the district court, the evidence and the reasons for revoking supervised release were clear.

Nothing more was required by the United States Constitution. We will not remand for the trial judge to restate what we (and we suggest all parties concerned)

3

know and understand from the court's holding. Supervised release was revoked because of the single incident of domestic violence.

AFFIRMED.